HUSBROOK VS. STRAWSER.

A party cannot, by way of *estoppel*, take advantage of admissions made by his antagonist to a stranger in relation to the controversy, although the making of such admissions may not have been satisfactorily explained; but their force may be overcome by direct evidence showing clearly that they were contrary to the truth.

In such a case the judge should leave it to the jury to say upon the whole evidence, what the facts were, without requiring any explanation of the admissions; or, if he instructs them upon that subject, should say that the want of such explanation is a circumstance against the party making the admissions, which they may consider in connection with the other evidence, but that if in their opinion it was shown by the direct evidence that the admissions were untrue, they should find accordingly.

HUSBROOK
v.
STRAWSER.

| 14 | 403 |
| 101 | 658 |

APPEAL from the Circuit Court for *Rock* County.

This was an action to recover damages in consequence of certain false and fraudulent representations alleged to have been made to the plaintiff by the defendant, in regard to the location, character and value of certain land then belonging to the defendant, by which representations the plaintiff was induced to purchase the land. On the trial, evidence was introduced tending to sustain the complaint. It appearing that the plaintiff had visited the land in question sometime after said purchase was made, the defendant introduced evidence tending to show that on his return from said visit the plaintiff had expressed himself satisfied with the land, saying that it was better than he expected; that he had made a good trade, &c. The instructions given by the circuit court to the jury, so far as they are passed upon by this court, will appear from the opinion.

Verdict and judgment for the defendant.

*Knowlton, Prichard & Jackson,* and *John R. Bennett,* for appellant.

*Chas. G. Williams,* for respondent.

*By the Court,* DIXON, C. J. The court is of opinion that December 11 the judgment in this case must be reversed and a new trial awarded, for error in the instructions of the judge to the jury. Among others he gave the following: "If the jury find from the evidence that after the plaintiff personally examined the land, he did state to various persons that he was

well pleased with the land; that he had made a good trade; that the land was better than he expected, &c.; it is evidence proper for the jury to consider, and the plaintiff cannot now take it back and say he did not mean what he said, unless there is some reasonable explanation, such as that he made the statements under a mistake of facts, or by any other reasonable explanations; and if you find from such evidence, that on a personal examination he was satisfied with the land, and so expressed himself, he cannot now recover because the land is not where, or of the quality recommended, unless there is some reasonable explanation, such as that he made the statements under a mistake of fact, or by any other reasonable explanation." This was, in effect, charging the jury that a party is concluded by his mere oral admissions made to third persons, even though he conclusively establishes at the trial that they were contrary to the truth and wholly unfounded in fact, unless he satisfactorily explains why they were made. This court does not so understand the law. Such admissions are at best but secondary evidence of the facts admitted—a species of hearsay, received on the ground that the adverse interest of the party making them creates a strong probability of their truth. They are, as Mr. GREENLEAF says (1 Ev., § 169), "a *substitute* for the ordinary and legal proof," and from their nature can only afford a presumption, more or less strong according to the circumstances of the particular case, of the truth of the matters stated. Starkie on Ev., 50, 73; 1 Greenl. Ev., § 173. If, therefore, "the ordinary and legal proof," that is, the original and better evidence of the facts, be introduced, and it appears from it that the admissions were false and unfounded, the presumption must immediately cease, and the reasons which induced the party to make the admissions become wholly immaterial. For whether he made them from one motive or another, it cannot change or affect the truth, as established by evidence of the higher and more reliable character. The only principle upon which the admissions could be held to control the independent evidence, or upon which the party could be compelled to go into an explanation of them in order that they might not do so, would seem

to be that he is estopped by reason of having made them. It is so clear that a party cannot, by way of estoppel, take advantage of what his antagonist has said to à stranger in relation to the controversy, that argument to refute such a position is entirely unnecessary. If he could, it would show that direct evidence, or evidence to contradict the facts as admitted, ought not to be received; yet the fact that it universally is, proves the inconclusive nature of the admissions. Hence the judge was wrong in giving the instruction, but should have left it to the jury to say, upon the whole evidence, what the facts were, without requiring an explanation of the admissions; or if he instructed them upon that subject, he should have said that the want of explanation was a circumstance against the plaintiff, which they might consider in connection with the other evidence; yet if, in their opinion, it was shown by the direct evidence that the admissions were untrue, they should find accordingly, notwithstanding they were unexplained.

Judgment reversed, and a new trial awarded.