HAVEN, Respondent, vs. MARKSTRUM, imp., Appellant.

*November 27 — December 14, 1886.*

*Evidence: Admissions.*

Evidence of casual statements or admissions by a party, made in casual conversations and to disinterested persons, is very weak testimony, because of the liability of the witness to misunderstand or forget what was really said or intended by the party.

APPEAL from the Circuit Court for *Marathon* County. The case is sufficiently stated in the opinion. The defend-

ant *Markstrum* appealed from the judgment in favor of the plaintiff.

For the appellant there was a brief by *Neal Brown*, and oral argument by *C. N. Brown*.

For the respondent there was a brief by *Bardeen, Mylrea & Marchetti*, and oral argument by *Mr. Bardeen*.

ORTON, J. The plaintiff brought suit against the defendant Cole, for cutting logs for him at $30 per month, and the defendant *Markstrum* was made a party, at his own request, as being the owner of the logs cut upon which the plaintiff was seeking to enforce a lien. The main evidence against *Markstrum* was, the defendant Cole and the plaintiff testified that the contract was that the plaintiff was to have for such cutting $30 per month. To rebut this evidence the defendant *Markstrum* sought to prove, by the admission of the plaintiff to various persons, that the contract was that he was to have fifty cents per thousand feet for such cutting. The plaintiff recovered the balance unpaid of what was due him at the rate of $30 per month. The evidence was conflicting as to the admissions and as to what the contract was. The evidence for the plaintiff was sufficient to sustain the verdict, and we should not be justified in disturbing it on the facts. The payment of $10 to Cole was no evidence of the payment to the plaintiff, for there was no evidence of Cole's authority to receive it for him.

The instruction complained of was as follows: " In weighing and considering testimony, admissions of a party, satisfactorily proven, tending to disprove and defeat the claim made by him, may be considered by the jury; but evidence of casual statements or admissions by a party, made in casual conversations and to disinterested persons, are regarded by law as very weak testimony, owing to the liability of the witness to misunderstand or forget what was really said or intended by the party." This instruction is

strictly correct, and the court might have properly gone further, and told the jury that all admissions made to third and disinterested persons is the weakest kind of evidence that can be produced. *Dreher v. Fitchburg*, 22 Wis. 675; *Husbrook v. Strawser*, 14 Wis. 403; 1 Greenl. Ev. sec. 173. We cannot say that the instruction was inapplicable to the case. We find no error in the record.

*By the Court.*— The judgment of the circuit court is affirmed.