### The Gulf, Colorado & Santa Fe Railway Company v. J. B. Powers et al.

### No. 19.

1. **Negligence.** — A railway train should stop at its stations a reasonable length of time to allow all passengers to enter the cars, and a reasonable length of time thereafter for them to be seated. In this case, the train started as the passenger got upon the platform. and before she had time to get a seat the cars gave a sudden jerk, resulting in her bodily injury.

2. **Case Distinguished.** — This case distinguished from Railway v. Williams, 70 Texas, 159.

APPEAL from Johnson. Tried below before Hon. W. F. RAMSEY, Special Judge.

*J. W. Terry*, for appellant.—1. It is not negligence for a railway company to start its train after the passengers have boarded the same and before they have obtained seats. The law does not require that a train shall be stopped at a way station until the passengers have not only boarded the same in safety, but have found seats. Such a rule would be unnecessary, and would make travelling very slow, or else trains would have to run between stations at a dangerous rate of speed to make up for the loss of time at way stations. Railway v. Williams, 70 Texas, 159.

2. While the court in its own charge informed the jury that the plaintiff was required to get on the train and take a seat with briefness and dispatch, yet the court did not tell the jury that if plaintiff's wife failed to do so she could not recover herein. In other words, the court failed to charge on the effect of contributory negligence, and hence should have given the special charges requested by the defendant. Railway v. Williams, 70 Texas, 159.

3. After the conductor of a railway train has stopped at a station a reasonable length of time, he is not bound to inquire, before starting the train, whether all persons desiring to take passage have gotten on the train and obtained seats; and for this reason the court should have given the fourth special charge requested by the defendant.

4. It was error to charge on a case not made by the pleadings. There was no allegation in the petition that the train was started with a sudden jar, jerk, or jolt, or that such was the cause of the injury; and hence the court erred in informing the jury that they could find for the plaintiff if the train started with a sudden jar, jerk, or jolt.

*Poindexter & Padelford*, for appellees.—1. The court did not err in giving the sixth paragraph of the charge, and same is not subject to the criticism made by appellant in its proposition under same, and is more favorable to appellant than it should have been, because the court in said paragraph requires the jury, before they could find for plaintiff, to find, first, that defendant's train did not stop a reasonably sufficient time for plaintiff Mrs. Powers to get on same by the use of reasonable and ordinary care and dispatch, and that such failure to stop said train was under the facts in that case negligence on the part of defendant; second, that in starting said train there was a sudden jar, jerk, or jolt, and that starting said train with such jar, jerk, or jolt was negligence on the part of defendant; and third, that Mrs. Powers was injured by reason of such negligence on the part of defendant. The court in said sixth paragraph does not charge the jury that it is negligence on the part of a railway to start its train after passengers have boarded same and before they have obtained seats, but leaves it to the jury to find from the evidence whether said train did stop a sufficient time for said plaintiff, using reasonable and proper dispatch and care, to get on said train and procure a seat; and further, to find that in starting said train gave a sudden jerk, jar, or jolt, and that same caused the plaintiff to be injured; and further, that the failure to stop for such time, and in giving same sudden jar, jerk, or jolt, was negligence on the part of defendant. Akersloot v. Railway, 131 N. Y., 599; Railway v. Copeland, 60 Texas, 325–328; Railway v. Whitehead, 74 Ga., 453; Patt. Ry. Acc. Law, sec. 258; Keller v. Railway, 27 Minn., 178; Swigert v. Railway, 75 Mo., 475.

2. The court did not err in refusing to give second special charge number 2 asked by defendant, because the same is general, and not a proper application of the law to the facts of this case; and because the law applicable to the facts of this case is contained in the general charge of the court.

3. It is the duty of railway companies to stop their trains at regular stations a reasonably sufficient length of time to allow all passengers, by using reasonable care and dispatch, to board the cars and procure seats; and it is also their duty to so start their trains off as not to endanger the lives and persons of the passengers; and a violation of these duties is negligence on the part of the railway company, and if injury results from this negligence the company is liable in damages. Railway v. Copeland, 60 Texas, 325.

4. The court did not err in refusing to give said special charge number 4, because it is not the law. It was the duty of defendant, by its agents, at the time that the plaintiff was injured, to have stopped its train a reasonably sufficient time at Joshua to have allowed the passengers to board its train, etc., whether that was the usual time defendant stopped there or not, because the defendant's usual time might have been too short. To thus hold, would place it in the power of the company to fix the time of stopping at its stations, though ever so unreasonable and short.

This suit is brought only for actual damages, and the fact that defendant's agents may have believed that the time was sufficient was not an issue in this case. And it was not an issue in this case whether or not defendant's agents knew that all the passengers had gotten on said train and seated themselves before the train started. If the acts of negligence alleged in plaintiff's petition were true; if said train was not stopped a sufficient time to allow said plaintiff to board said train and get her seat; and if, when the train was starting off, and she had just gotten inside the door, said train was negligently jerked or jolted by defendant's agent, and thereby plaintiff was, without contributory negligence on her part, injured as alleged and proven, then defendant is responsible in damages, whether defendant's agents knew or did not know that all the passengers had boarded the train and procured their seats.

LIGHTFOOT, CHIEF JUSTICE.—This suit was brought by appellees for $10,000 damages for an alleged injury to Mrs. S. J. Powers, on the line of appellant's road at Joshua, Texas, under the following circumstances:

It is claimed by appellees, that Mrs. Powers bought a first class ticket from Joshua to Cleburne on August 27, 1888; that when the train arrived it did not stop long enough for her to get on board and get a seat; that there were a number of persons at the station, some of whom got on the train ahead of Mrs. Powers, and that just as they stepped out of the way she got on the train from a little box used by the brakeman for assisting passengers to get on and off the train; that as she got on the platform the train started off, and before she had time to get to a seat the cars gave a sudden jolt, jar, or jerk, by which she was thrown upon an upright piece which breaks the heat of the stove from the seats, and injured; that two of her ribs were broken loose from the breastbone, and that her injuries are permanent. There was a verdict and judgment in favor of the plaintiffs for $1500, from which the railway company appeals.

It is unnecessary for us to examine in detail all the assignments of error presented by appellant. The principal questions presented are embraced in objections to the charge of the court upon the points:

1. Whether trains are required to stop at stations where passengers get on the cars a sufficient length of time for them to get on and get seats.

2. Whether the question of contributory negligence on the part of the plaintiff S. J. Powers, in failing to use proper diligence in getting on the cars and getting a seat, was fairly presented to the jury.

The first question is fully answered by our own Supreme Court in the case of Railway v. Copeland, 60 Texas, 328. The court says: "The train should stop a reasonable length of time to allow all passengers to enter the cars; and if, after all passengers have entered the cars, a reasonable time has elapsed to permit them to secure seats, the carrier may start." We think that both questions were clearly presented to the jury in the charge of the court, and that the charges asked by appellant were properly refused.

The case relied upon by appellant in its brief is the case of Railway v. Williams, 70 Texas, 159. In that case the passenger was injured in attempting to leave the cars; the court reversed the judgment on the ground that the court, in its charge to the jury, held that the appellant, after stopping its train, "was required to give signal of starting again by whistle or bell," when the law imposed no such specific duty. It was further held in that case, that "it would ordinarily be negligence in a railway company, when reaching a place at which passengers are to leave its train, to put the train in motion again before passengers would have sufficient and reasonable time to alight." Id., 161.

The judgment is affirmed.

*Affirmed.*

Delivered September 30, 1893.