## L. & N. R. R. Co. v. Gaines

(Decided February 14, 1913.)

### Appeal from Logan Circuit Court.

1. **Railroads—Passengers—When Entitled to Time to Get Seated.—** Ordinarily, a railroad conductor is not required to either see that the passenger has reached a seat, or to hold his train until the passenger is safely within the car; but, as soon as the passenger has fairly entered the car, the train may start, without waiting for him to reach a seat, unless there is some special reason for doing so, as in the case of a passenger who is old, feeble, crippled, or in a condition which makes it reasonably apparent to those in

charge of the car that the passenger needs unusual care and precaution for his protection.

2. Carrier of Passengers—When Passenger Entitled to Unusual Care— Question for Jury.—The question whether a passenger is, by reason of his age, feebleness and crippled condition, entitled to unusual care and precaution for his protection in entering a railroad train, and if so entitled, whether he was allowed a reasonable opportunity to take a seat in a car before it started, are questions for the jury.

3. Trial—Instructions to The Jury.—Where a person has been injured by two negligent acts he may rely upon either or both of said acts to sustain a case for damages; and, when both acts are relied upon, it is proper for the jury to be instructed as to the law applicable under both states of fact.

BENJAMIN D. WARFIELD and BROWDER & BROWDER, for appellant.

ROBERT HARDISON, JR., for appellee,

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

The appellee, Mrs. Dora Gaines, 43 years of age, accompanied by her two small children, aged 3 and 5 years respectively, and carrying a suit case, was injured while boarding appellant's northbound passenger train at Epley station, in Logan county, on August 7, 1911, at about 4 o'clock in the afternoon. She carried the younger child in her arms, and led the other by the hand. For her cause of action, she stated that when she went into the car the defendant, its agents and servants in charge of said train, in violation of its duty to her to exercise the highest degree of care for her safety as a passenger, negligently failed to assist her with said children and package in finding a seat, and negligently failed to hold said train until she could reach a seat; but, with gross negligence, started said train with a sudden, violent, extraordinary and unnecessary jerk before she could find a seat in said car, and that by reason of said negligence she was thrown with great force and violence across the arm of a seat, and was severely and seriously wrenched, sprained, bruised and injured, both internally and externally. On December 7, 1911, she filed this action for damages. By way of defense appellant interposed a traverse and a plea of contributory negligence upon the part of Mrs. Gaines. The trial resulted in a verdict and judgment for $500.00, and from that judgment the defendant prosecutes this appeal.

While the evidence is quite conflicting, there was suffi-

cient evidence in support of appellee's claim to take the case to the jury.

Appellant insists, however, that the instructions to the jury were so prejudicial to the rights of the appellant as to require a reversal. The court gave three instructions, which read as follows:

"No. 1. The court instructs the jury that it was the duty of the defendant company's conductor in charge of the passenger train to keep said train standing at the station at Epley station a sufficient length of time to give the plaintiff a reasonable opportunity to get aboard the cars and to find a seat therein, and if the jury believe from the evidence that on the occasion in controversy the defendant's train was moved from the station before the plaintiff had been given a reasonable opportunity to find a seat and that she was by the said moving of the train thrown against the seat in said car and injured, then in that event the jury will find for the plaintiff, and unless the jury believe as set out in this instruction they will find for the defendant.

"No. 2. If the jury find for the plaintiff they will award her such a sum in damages as will fairly and reasonably compensate her for any mental and physical suffering if any, or either, and for any permanent impairment, if any, of her power to labor, which the jury may believe from the evidence was caused by and which was the direct and natural result of the injury, if any, received by her, as set out in instructions Nos. 1 and 3, not exceeding $5,000, the amount claimed.

"No. 3. Although the jury may believe from the evidence that at the time the plaintiff got aboard of the train of defendant's, that those in charge of said train held said train still a sufficient length of time for plaintiff to find a seat, yet if the agents or servants of defendant caused said train to start with a violent and unusual jerk and the plaintiff was thereby caused to be injured, the law is for the plaintiff and you should so find."

It will be seen that the first instruction made it the duty of appellant, as a matter of law, to keep the train standing at the station until Mrs. Gaines should have had a reasonable opportunity to get aboard the car, and to find a seat therein. This, however, is not the rule in such cases. The precise question here presented was determined by this court in I. C. R. R. Co. v. Ball,

150 Ky., 531, since the trial of the case at bar. In the Ball case we laid down the general rule that in ordinary cases a railroad conductor is not required to either see that the passenger has reached a seat, or to hold his train until the passenger is safely within the car; but, as soon as the passenger has fairly entered the car, the train may start, without waiting for him to reach a seat, unless there is some special reason for doing so, as in the case of a passenger who is old, feeble, crippled, or in a condition which makes it reasonably apparent to those in charge of the car that the passenger needs unusual care and precaution for his protection; and the question whether a passenger is entitled to this unusual care and precaution for his protection, and if so entitled, whether he was allowed a reasonable opportunity to take a seat in a car before it started, are questions for the jury. In that case we expressly condemned an instruction which, like the instruction in the case at bar, declared as a matter of law, that it was the duty of the carrier to keep its train standing at a platform a sufficient length of time to give the passenger reasonable opportunity, not only to get upon the car, but to secure a seat therein. See, also, L. & N. R. R. Co. v. Hale, 102 Ky., 600; Bennet v. Louisville Railway Co., 122 Ky., 59; Howard v. Louisville Railway Co., 32 Ky. L. R., 309, 105 S. W., 932; Lexington Railway Co. v. Britton, 130 Ky., 676; C. & O. Ry. Co. v. Borders, 140 Ky., 549, and Louisville Railway Company v. Wilder, 143 Ky., 436. The same criticism applies to the first instruction given in the case at bar.

No serious complaint is made against the second instruction.

It is insisted, however, that the third instruction was prejudicial to appellant's rights in that it submitted an issue not raised by the pleadings; and further, that it particularized and gave undue prominence to certain facts. In our opinion neither objection is well founded. The petition rests appellee's cause of action upon two negligent acts:

(1) that appellant's agents and servants negligently failed to hold the train until she could reach a seat, and (2) that they negligently started the train with a sudden, violent and unnecessary jerk before appellee could find a seat. Here we have one injury, and consequently, one

cause of action and recovery based upon two negligent acts. Where a person has been injured by two negligent acts, he may rely upon either or both of said acts to sustain his action. If appellee had been entitled to have appellant hold the car until she could reach a seat, and appellant had so held the car, but had negligently started it with such a violent and unnecessary jerk as to throw appellee over a seat and thereby injure her, she would have been entitled to recover by reason of that act of negligence. In case of a recovery under either instruction the measure of damages is given by the second instruction.

The question before us was considered by this court in L. & N. R. R. Co. v. Hale, 102 Ky., 600, 604, a case singularly like the one at bar in its leading facts, where we had this to say:

"While recognizing the duty of a railroad company to stop its train a reasonable length of time to enable passengers to get on and off, and that it is responsible for injuries caused by unnecessary, unusual and negligent jerking of the train, and that it owes a higher degree of care to a lame or infirm person than to persons in ordinary health, we cannot concede that the mere fact of appellee being fleshy and encumbered with a number of children (she having an escort with her), was any sufficient notice to the conductor of an infirmity which required extraordinary care on his part. 'Negligence can not be assumed from the mere fact of an accident and an injury.' (1 Shear & Red. Neg., section 59; Wintuska v. L. & N. R. R. Co., 20 S. W., 819).

"We are of opinion, therefore, that, under the circumstances of this case, the court erred in instructing the jury that unless appellee had reasonable time to safely get aboard and get seated she was entitled to recover. It would be proper to instruct the jury under the facts as they appear in this record, that she was entitled to a reasonable time in which to get safely in the car, and also, if the evidence justified it, an instruction upon the subject of negligent and unusual jerking in starting the train."

The petition and the evidence justified the trial judge in giving the third instruction; but for the error in the first instruction, as above pointed out, the judgment is reversed, and the action remanded for a new trial.