## MARY BLUME v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY AND OTHERS.[1]

June 23, 1916.

Nos. 19,861—(174).

**Carrier of passengers — length of stop at station.**

1. A common carrier does not as a matter of law owe the duty of stopping its trains at stations for a time sufficiently long to enable passengers who have gotten on safely to find seats.

**Contributory negligence — proximate cause.**

2. To defeat a recovery because of the contributory negligence of the plaintiff, such negligence must contribute proximately as a cause of the injury but it need not be itself the proximate cause of it.

**Charge to jury — caution as to admissions of party.**

3. It is proper to give cautionary instructions relative to the consideration of verbal admissions; but if given they should be so framed as not to disparage or minimize their natural and reasonable effect as items of proof.

Action in the district court for Blue Earth county against defendant corporation, W. Terry and George Wells, to recover $15,550 for personal injury received while a passenger upon defendant's train. The case was tried before Comstock, J., and a jury which returned a verdict for $5,180.

[1]Reported in 158 N. W. 418.

---

Note.—For cases passing on the question of liability of carrier to passenger for starting car before passenger is seated, see notes in 42 L.R.A. 293; (N.S.) 558; L.R.A. 1915, 797.

From an order denying defendant's motion for a new trial, it appealed. Reversed.

*C. J. Laurisch* and *Webber & Lees,* for appellant.

*J. W. Schmitt, S. B. Wilson* and *Kerr, Fowler, Schmitt & Furber,* for respondent.

DIBELL, C.

This is an action to recover damages for injuries sustained by the plaintiff while a passenger on one of the defendant's trains. There was a verdict for the plaintiff. The defendant appeals from the order denying its motion for a new trial. The claims of error relate to the charge and exceptions were taken at the time.

1. The plaintiff got safely on the defendant's train at Minnesota Lake. Before she had taken a seat the train started. She claims that she was thrown down and injured by a sudden jerk of the train when it started. The court charged the jury that it was the duty of the defendant to stop its train at the station for a long enough time to permit passengers using due diligence to enter the train and find seats. This was not a correct statement of the law. It is the duty of a carrier to stop its train for a time reasonably sufficient to enable intending passengers to board with safety. It is not required, as a matter of law, to keep its train standing until they have had a reasonable time in which to get seated. 2 Shearman & Redfield, Negligence, § 508; 2 Hutchinson, Carriers, § 1111; 3 Thompson, Negligence, § 2857; Yarnell v. Kansas City, F. S. & M. R. Co. 113 Mo. 570, 21 S. W. 1, 18 L.R.A. 599; Louisville & N. R. Co. v. Hale, 102 Ky. 600, 44 S. W. 213, 42 L.R.A. 293; Illinois Cent. R. Co. v. Ball, 150 Ky. 531, 150 S. W. 668; L. & N. R. Co. v. Gaines, 152 Ky. 255, 153 S. W. 216. Opposed to these authorities are the following: I. & G. N. Ry. Co. v. Copeland, 60 Tex. 325; Gulf, C. & S. F. Ry. Co. v. Powers, 4 Tex. Civ. App. 228, 23 S. W. 325. In special cases, as when a passenger is sick or infirm or disabled, the carrier may owe a special duty greater than that stated.

2. The court charged the jury that to constitute a defense the negligence of the plaintiff must be the proximate cause of his injury. The correct statement is that the plaintiff's negligence, to prevent a recovery, must contribute proximately to the injury as a cause. 2 Dunnell, Minn.

Dig. § 7012. Whether taking the charge as a whole this inaccuracy should result in a new trial we do not determine.

3. The injury for which the plaintiff sues was sustained on February 21, 1914. The defendant claims that she was injured in a runaway of a team on April 10, 1914, and that her present condition is attributable in whole or in part to the runaway. To prove the fact of injury by a runaway it offered and there were received admissions made by the plaintiff to her physicians. The plaintiff denied that she was injured in a runaway or that she told her physician so. The court charged the jury that evidence of such admissions should be received with great caution. The cases do not agree upon the propriety of giving a cautionary instruction. Some hold that the question of the effect and weight of such admissions is for the jury, and that no charge relative to them should be given. Johnston v. Stone, 69 Miss. 826, 13 South. 858; Frizell v. Cole, 29 Ill. 465; Kauffman v. Maier, 94 Cal. 269, 29 Pac. 481, 18 L.R.A. 124; Castleman v. Sherry, 42 Tex. 59; Knowles v. Nixon, 17 Mont. 473, 43 Pac 628; Tobin v. Young, 124 Ind. 507, 24 N. E. 121; Shinn v. Tucker, 37 Ark. 580. Others hold that the court may, with propriety, give the jury rules helpful for their guidance in considering admissions. Allen v. Kirk, 81 Iowa, 658, 47 N. W. 906; State v. Jackson, 103 Iowa, 702, 73 N. W. 647; Nash v. Hoxie, 59 Wis. 384, 18 N. W. 408; Haven v. Markstrum, 67 Wis. 493, 30 N. W. 720; Stewart v. DeLoach, 86 Ga. 729, 12 S. E. 1067. Our court concedes, impliedly at least, the propriety of cautioning the jury. Tozer v. Hershey, 15 Minn. 197 (257). In Massachusetts the rule is stated to be this: "The weight of such evidence is for the jury, and although it is not error for a judge to give general instructions in regard to the nature of a certain class of evidence, and the considerations which properly arise in dealing with it, he must be careful, if he does this, not to invade the province of the jury by intimating an opinion upon the facts of the particular case, nor to state propositions which are not true in their general application to evidence of that class. If he chooses to leave the jury to deal with questions of fact in the light of their experience and judgment, without his aid, the parties have no legal ground of objection." Rumrill v. Ash, 169 Mass. 341, 47 N. E. 1017. The court charged the jury at very considerable length upon the nature of the admissions involved and the consideration which they should have. There was nothing

extraordinary about the alleged admissions. Their value as proof depended upon the integrity of the physicians who testified and the accuracy of their understanding and recollection of what the plaintiff told them. The admissions were not of facts carelessly stated. The plaintiff, if she made them at all, probably made them seriously, for she was talking to her physicians with medical treatment in contemplation. As we gather from the record they were made to the physicians separately and not on the same occasion. Upon a consideration of the charge relative to the caution with which admissions should be viewed, we are of the opinion that its tendency was to disparage the evidence of the physcians and minimize its effect and that it was for this reason erroneous. Whether the admissions were made, what they were if made, and what their effect was as proof, were all for the jury.

Order reversed.