## MANKATO STATE BANK v. C. M. MASTERS.[1]

February 16, 1923.

No. 23,266.

**New trial not necessary because of improper admission of evidence.**

1. Rulings on the admission of evidence, referred to in the opinion, were not prejudicial and did not entitle appellant to a new trial on the ground that evidence was improperly admitted.

**Charge to jury.**

2. There was no error in the court's instructions to the jury.

**Charge to jury correct.**

3. It is not improper to instruct the jury that evidence of admission made by a witness for the purpose of impeachment should be received with caution.

**Verdict for defendant sustained.**

4. Where the defense of one of the makers of a promissory note was that he executed the note for the accommodation of a comaker upon condition that the payee was to procure a chattel mortgage from the comaker to secure the payment of the note before it was to become a completed contract, it is *held* that the evidence supports a verdict against the defendant.

Action in the district court for Blue Earth county to recover $2,795 upon a promissory note. The case was tried before Comstock,

[1] Reported in 192 N. W. 104.

J., and a jury which returned a verdict for $2,896.60. From an order denying his motion for a new trial, defendant appealed. Affirmed.

C. E. Phillips and William F. Hughes, for appellant.

S. B. Wilson, for respondent.

LEES, C.

Action on a promissory note, in which plaintiff had a verdict, and defendant appeals from an order denying a new trial. The makers of the note were the defendant and one Austin. The latter was not made a party to the action.

Defendant admitted the execution of the note, and, as a defense, alleged that he executed it for the accommodation of Austin, to enable him to obtain a loan of $3,000 from plaintiff to pay for an automobile he had purchased and upon the condition that the note should be secured by a chattel mortgage on the automobile, which Austin was to execute to plaintiff; that plaintiff agreed to procure the mortgage from Austin and not allow him to draw out the money loaned before the mortgage was procured; that, in disregard of the agreement, it credited his bank account with the amount of the loan and permitted him to withdraw the money without giving the mortgage, and that shortly thereafter he sold the automobile, thereby placing it beyond the reach of either of the parties to this action. Plaintiff's reply to this defense was a general denial.

1. In the cross-examination of defendant and over his objection, plaintiff was permitted to show that defendant had previously joined with Austin in the execution of a $2,500 note running to plaintiff, which was not secured. We are of the opinion that there was no error in this. The reply put in issue the allegations of the answer relative to the conditions, if any, which were attached to the delivery of the note. If in fact defendant had theretofore given his note for Austin's accommodation for a loan nearly as large as the one in question and had not asked for security, it would tend to support plaintiff's denial that defendant had exacted a promise that the note in suit should be secured by chattel mortgage before Austin was allowed to check out the money he had borrowed. Be that as it may, on his redirect examination defendant testified that the

first note was not given for Austin's accommodation, but for the purchase price of an automobile defendant bought from him as the agent of the manufacturer. This was not disputed by plaintiff, hence there is no basis for a claim of prejudicial error.

2. To lay a foundation for impeachment, Emil Schyen, plaintiff's cashier when the note was taken, was questioned about a conversation he had with defendant and his attorney about a year and a half later. On redirect examination he was asked whether he intended to tell them that he had agreed to get a chattel mortgage from Austin, but had not done so because defendant and Austin were relatives and the former was good for the amount of the note. His answer was: "No, I hadn't agreed to that." There was an objection to the question as one calling for a conclusion, followed by a motion to strike out the answer. The court overruled the objection and denied the motion. Although a witness not called to give opinion evidence should not be permitted to testify to his conclusions but should relate the facts, leaving it to the jury to draw its own conclusions therefrom, it does not follow that a new trial should be granted in every case where the rule was not observed. There is a growing tendency to depart from the old doctrine that prejudice will be presumed from the admission of evidence which should not have been received. The rule now followed is set forth in Dunnell, Minn. Dig. 1916 and 1921 Supps. § 7180. We apply the rule and hold that no prejudice is apparent.

3. Complaint is made of the instructions given to the jury. Defendant contends that they precluded a verdict in his favor, even though the jury were satisfied that it was agreed that the note was not to go into effect or be evidence of a completed contract until Austin executed the mortgage. The fact is otherwise, for the jury were told to find for defendant if the evidence satisfied them that when the note was signed and left with plaintiff it was agreed that Austin should not be permitted to withdraw the proceeds of the loan until he executed and delivered the mortgage. This gave defendant the benefit of the particular defense now under consideration.

4. Defendant and his attorney testified to certain admissions made by Schoyen in the course of a conversation with them. Schoyen's

version of the conversation was in effect a qualified denial of the alleged admissions. The note was given on March 9, 1920. The conversation occurred on October 19, 1921. The trial took place on December 16, 1921. The jury were instructed that verbal admissions consisting of mere repetitions of oral statements made a long time before should be received with caution, for the reason that the person making them may not have expressed his own meaning or the witness may have misunderstood him, but nevertheless where evidence of admissions is clear, decisive and unmistakable, it may be considered as bearing on the weight and credibility of the testimony of the witness who made the admissions. Defendant contends that the court erred in giving this instruction. The propriety of such instructions is recognized in Tozer v. Hershey, 15 Minn. 197 (257), and in Blume v. Chicago, M. & St. P. Ry. Co. 133 Minn. 348, 158 N. W. 418, Ann. Cas. 1918D, 297. From a reading of Schoyen's testimony, we gather that he did not have a ready command of the English language and experienced some difficulty in expressing his meaning clearly and intelligibly. For this reason it was proper to give the instruction. It was substantially in the language found in 1 Greenleaf, Ev. § 200, and quite like one approved in Pence v. Makepeace, 65 Ind. 345-365.

5. Schoyen admitted that when the note was executed defendant told him that a chattel mortgage was to go with it and that he wanted it to run to plaintiff; that Austin was present and said he would get the number of the automobile and bring in the chattel mortgage; that he furnished blanks to Austin, who took them away, saying he would fill out the mortgage and bring it to the bank. He denied that he told defendant he would not allow Austin to draw out the money before the mortgage was delivered, and affirmed that Austin was given immediate credit for the amount of the loan and at once drew his check to take up the bill of lading for the automobile. This is contradicted by the defendant and by the admissions Schoyen is alleged to have made later. It was for the jury to determine the truth of the matter. The evidence would support a verdict either way. The court was not required to grant a new trial for the alleged lack of evidence to sustain the verdict.

Order affirmed.