ALFRED LINDEROTH v. JACOB KIEFFER.
CARL H. LINDEROTH v. JACOB KIEFFER.[1]

April 9, 1925.

Nos. 24,358, 24,359.

**Exception to charge defective.**

1. An exception is defective when it embraces three separate instructions given to the jury.

**When formal offer of proof is unnecessary.**

2. A formal offer of proof is not necessary when an objection is sustained to a question calling for an answer which would obviously elicit material and relevant evidence.

[1]Reported in 203 N. W. 415.

**When answer of driver as to manner of collision is admissible.**

3. The answer of a truck driver to a question as to how a collision of the truck with a bicycle occurred, if made soon after the accident and while the driver was under the influence of the excitement caused by the event, is admissible in evidence under the so-called res gestae rule.

**When cumulative evidence is admissible.**

4. Competent evidence bearing on a vital question to be determined by the jury should be admitted even though it is cumulative.

**When spontaneous admissions at time of accident may be admitted freely.**

5. The rule that admissions made under certain circumstances are to be received with caution has no application to spontaneous utterances made at the time of an accident by one charged with having negligently caused the accident. An instruction that such declarations are in the lowest class of proof should not be given.

*Headnote 1. See Trial, 38 Cyc. p. 1798.
Headnote 2. See Trial, 38 Cyc. p. 1330.
Headnote 3. See Evidence, 22 C. J. p. 463, § 551; p. 466, § 553.
Headnote 4. See Trial, 38 Cyc. p. 1342 (1926 Anno).
Headnote 5. See Trial, 38 Cyc. p. 1742.

Two actions in the district court for Ramsey county to recover for personal injuries. The cases were tried together before R. D. O'Brien, J., and a jury which returned verdicts in favor of defendant. Plaintiff appealed from orders denying his motions for a new trial. Reversed.

*Herbert P. Keller, Bruce J. Broady* and *George G. Chapin,* for appellant.

*Hubert Harvey,* for respondent.

LEES, C.

Carl H. Linderoth, the minor son of Alfred Linderoth, was injured when a bicycle he was riding collided with a motor truck owned by the respondent and driven by William Byrons, his employe. The father brought two actions, one in behalf of his minor son for his injuries, and the other in his own behalf for expenses and loss of services. The actions were tried together and verdicts

returned in respondent's favor. These appeals are from orders denying motions for a new trial.

The time of the accident was October 25, 1923, at about 6 p. m.; the place was Arcade street, an arterial street for north and south traffic in the city of St. Paul. The boy was on the west side of the street near the curb and was returning to his home, south of the place of the accident. He had a can of milk in one hand and steered his bicycle with the other. The truck came from the north. Its lights were not lit. The boy testified that he neither saw nor heard it and that it came up behind him and ran him down.

Byrons was not present at the trial, but, by stipulation, his written statement was received in evidence. He denied that the truck struck the boy or his bicycle, and stated facts from which it might be inferred that the boy ran against the rear of the truck when its speed was slackened.

Hans Melland, a witness for appellant, testified that, as he approached the place of the accident, Byrons had the boy in his arms, and said: "Take him to the hospital. I ran over the boy, I don't know whether I killed him or not." Without objection, Melland related everything else that Byrons said about the accident while out in the street. Melland took the boy into his house close by. Byrons followed. He was excited and trembled. Clara Melland, who was in the house, was asked to relate what Byrons said when he came in. It was objected that what he said would not be part of the res gestae, and the objection was sustained. Byrons was still in Melland's house when Dr. Mollander arrived and asked him how the accident happened. The doctor's testimony on this point was objected to and the objection sustained.

At the respondent's request, the court instructed the jury as follows:

(1) The court charges the jury that the testimony of alleged admissions is the lowest class of proof and should be received with great caution.

(2) The court charges the jury that an admission not based on personal knowledge, as in the case of the driver in the present action, should be carefully weighed.

In his notice of motion for a new trial, appellant specified as error the rulings excluding the testimony of Miss Melland and Dr. Mollander and the giving of the instructions set out above, in conjunction with an additional instruction. The exception embraced the three instructions, one of which, the third, was proper, and was defective under the rule adopted in Murphy v. Collins, 155 Minn. 290, 193 N. W. 468.

The rulings complained of were not followed by offers of proof, but anything Byrons may have said about the accident would obviously be material and relevant, hence a formal offer of proof was not necessary. Dunnell, Minn. Dig. § 9717.

Byrons' statement to Miss Melland was made so soon after the accident that his excitement had not subsided, hence the statement was admissible under the so-called res gestae rule. Dunnell, Minn. Dig. §§ 3300, 3301.

His statement to Dr. Mollander was made a little later, but apparently while the excitement continued. It would have been proper to have received it, for we no longer confine proof of utterances which seem to be spontaneous within arbitrary limits of time. Clark v. Davis, 153 Minn. 143, 190 N. W. 45.

Byrons was respondent's servant, hence his spontaneous declarations would be admissible both for and against respondent. 2 Wigmore, Ev. (2d ed.) § 1078.

Although they cannot be regarded as authorized, the declarations and admissions of an agent or servant may be put in evidence whenever they constitute part of what is called the res gestae. Their admissibility does not necessarily depend on the law of agency. They are received under a rule of evidence which is as applicable in a proper case to one not an agent at all as to one who was an agent. 2 Mechem Agency, (2d ed.) § 1793.

"In determining whether the statement made is part of the res gestae * * * the trial court has a wide range of discretion," Lambrecht v. Schreyer, 129 Minn. 271, 152 N. W. 645, L. R. A. 1915E, 812, "but its discretion is not absolute," Roach v. G. N. Ry. Co. 133 Minn. 257, 158 N. W. 232, for the admissibility of evidence of this kind is governed by principles of law which must be applied

to particular cases as other principles are applied in the exercise of judicial judgment. 2 Jones, Ev. § 358.

We hold that the court should not have stopped with the admission of Melland's testimony concerning Byrons' statements, but should have allowed Miss Melland and Dr. Mollander to testify on the same subject.

It is true that, if the evidence had been received, it would have been cumulative, but this is a case where competent evidence bearing on a vital question should be admitted even though it is cumulative.

Since there must be a new trial, we will say that we do not approve of the two instructions of which appellant complains.

The weight of evidence of an admission is for the jury. An admission may be made in such language and under such circumstances as to make it the most satisfactory kind of proof.

There was no occasion for giving a cautionary instruction. Byrons' statement to Melland was not in the nature of a casual admission carelessly made to a witness interested in obtaining it for the purpose of establishing appellant's case. Whether the statement was made and, if made, what effect should be given to it, were matters for the consideration of the jury and the court should not have minimized its effect. Blume v. C. M. & St. P. Ry. Co. 133 Minn. 348, 158 N. W. 418, Ann. Cas. 1918D, 297.

A cautionary instruction may be proper enough when only an admission against interest is to be considered, and the time of the alleged admission and the circumstances under which it was made affect is credibility. Tozer v. Hershey, 15 Minn. 197 (257); Binewicz v. Haglin, 103 Minn. 297, 115 N. W. 271, 15 L. R. A. (N. S.) 1096, 14 Ann. Cas. 225; Mankato State Bank v. Masters, 155 Minn. 16, 192 N. W. 104. But it would never do to hold that whenever an admission has been put in evidence, the jury should be told that it is in the lowest class of proof and must be examined with caution. Such an instruction disparages a class of evidence which often carries conviction and would mislead rather than aid the jury in weighing the evidence.

Orders reversed.