CLAIRE ROBBINS v. M. B. HUBBARD GROCERY COMPANY.
CLARINE KENNEDY v. M. B. HUBBARD GROCERY
COMPANY.[1]

May 15, 1925.

No. 24,513.

**Verdict sustained.**
    1. The evidence sustains the verdict, following Sohns v. M. B. Hubbard Grocery Co. supra, page 187.

**Offer of testimony improperly rejected.**
    2. There was error in rejecting the offered testimony of an employe of the defendant grocery company that he directed the defendant Jansen not to repair the autos.

    1. See Motor Vehicles, 28 Cyc. p. 47.
    2. See Motor Vehicles, 28 Cyc. p. 47.

Two actions in the district court for Ramsey county. The cases were tried together before Hanft, J., and a jury which returned verdicts in favor of plaintiffs. Defendant in each action appealed from an order denying its motion for judgment notwithstanding the verdict or for a new trial. Reversed.

*Hubert Harvey* and *Ralph Stacker*, for appellant.
*Morphy, Bradford & Cummins*, for respondents.

DIBELL, J.

Two actions, one by Claire Robbins and one by Clarine Kennedy, both against the M. B. Hubbard Grocery Company and Mathias Jansen, for injuries sustained when struck by an auto of the grocery company driven by the defendant Jansen, an employe. There was a verdict for each of the plaintiffs and the defendant grocery company appeals from the order denying its alternative motion for judgment notwithstanding the verdict or a new trial.

[1]Reported in 203 N. W. 783.

1. The injury occurred in the accident considered in Sohns v. M. B. Hubbard Grocery Co. supra, page 187. The facts are not so different as to require particular consideration. It is enough to say that it was for the jury to find whether Jansen, the driver, was authorized to make repairs and whether he was in the scope of his employment at the time of the injury.

2. One Goetzinger was in the employ of the grocery company. Hubbard, its president, testifies that he told Jansen that Goetzinger was in charge of the autos and their repair and that he, Jansen, should not make repairs. The defendant offered to prove by Goetzinger that he directed Jansen not to make repairs. The offer was rejected. If Jansen was within the scope of his employment at the time of the accident it is because he was testing the result of his repair work by driving the auto. If he had no authority to make repairs he was not within the scope of his employment at the time of the accident when he was making a test. The proffered evidence was material upon this issue. It is not for us to say that its exclusion was not prejudicial.

Many other errors which do not merit mention are assigned. The record is confused by improper questions and by unnecessary objections to proper ones. It may be noted, in view of a new trial, that greater liberality might have been allowed in the cross-examination of a physician testifying as an expert. The technical rules as to hypothetical questions are relaxing, and in no event do they strictly apply to cross-examination. Dun. Dig. § 3342.

Order reversed.