PATTERSON-STOCKING, INC. v. DUNN BROS. STORAGE WAREHOUSES, INC. AND ANOTHER.
FRANK W. YOUNGER v. SAME.[1]

December 3, 1937.

Nos. 31,344, 31,345.

[1] Reported in 276 N. W. 737.

*Rudolph E. Low* and *George W. Jansen,* for appellants.
*O'Brien & Quinlivan,* for respondents.

HILTON, JUSTICE.

Appeal from an order granting a new trial. Two cases are involved, but they were tried together below and were consolidated on appeal by stipulation of counsel. Plaintiff Patterson-Stocking, Inc. is engaged in business in this state, and plaintiff Younger is its employe. Defendant Dunn Bros. Storage Warehouses, Inc. is an Illinois corporation engaged in a trucking business, and defendant Larson was its employe. The actions arise out of a collision which occurred between a truck belonging to the defendant company, driven by Larson, and a car of the plaintiff company, driven by Younger. Larson was on a trip with the truck from Chicago, Illinois, to Balsam Lake, Wisconsin, and return. At the trial defendant company sought to show through the testimony of one of the helpers on the truck the instructions given by its manager, in the presence of the witness, to Larson when he started on the trip

in question. The purpose of this evidence was to show that at the time of the accident Larson was off the route he was instructed to follow and was not acting within the scope of his employment. Plaintiffs objected to the evidence on the general grounds that it was "incompetent, irrelevant, and immaterial, purely hearsay and self-serving." The judge sustained the objection, stating that he did so because as he interpreted § 4 of the 1933 Safety Responsibility Act (3 Mason Minn. St. 1936 Supp. § 2720-104), once the owner of a motor vehicle consented to its being driven by another person for any time or purpose, his liability for the negligence of the driver became absolute and could not be avoided by showing that at the time and place the accident occurred the car was being driven beyond the limits of the consent given by the owner to its use, and that therefore the manager's instructions to Larson when he started the trip, as tending to show the extent to which the defendant company had consented to his use of the truck, was immaterial. The ruling was duly excepted to. At the close of the evidence a verdict was directed against both defendants. We might state here that Larson's negligence is conceded. Defendant company later moved for a new trial. The motion was first denied, but, on reargument, the court granted the motion exclusively on the ground that error had been committed in the above ruling. Plaintiffs appeal from that order.

The learned trial judge acted correctly in granting a new trial. As will presently be pointed out, his interpretation of § 2720-104 was erroneous, and the evidence in question was material as tending to show that at the time and place of the accident Larson was not acting within the scope of his employment and therefore not driving the truck with the consent of the defendant company, either express or implied.

Plaintiffs contend, however, that the evidence was otherwise objectionable as hearsay, and thus no error was committed in excluding it, even though the reason given by the judge for its exclusion was not correct. The extent to which the defendant company had consented to Larson's driving of the truck was in issue, and any evidence tending to establish that fact was admissible as original

evidence. This includes the instructions given by defendant's manager to Larson. The witness was present when the instructions were given and would be testifying to facts within his knowledge. As bearing on this issue of consent, any conduct of the owner of the vehicle, whether it be spoken words or overt acts, tending to show such consent, is admissible, and anyone having knowledge of his own thereof may testify as to that conduct. We have held that an employe in charge of other employes may testify as to the instructions he gave one of them for the purpose of showing that he violated his orders and thus acted outside the scope of his employment. Robbins v. M. B. Hubbard Grocery Co. 163 Minn. 247, 203 N. W. 783. The situation in the instant case is similar, except that it was sought to show what the instructions were by the testimony of a third person who heard them given. Anyone having knowledge of such instructions should be permitted to testify as to what they were, because the statements themselves are part of the very fact in issue, *viz.*, the consent of the owner of the truck. 3 Wigmore, Evidence (2 ed.) § 1770, p. 778.

Plaintiffs also point out that in connection with this ruling defendants made no offer of proof. However, a formal offer of proof is not necessary when an objection is sustained to a question calling for an answer which would obviously elicit material and relevant evidence. Linderoth v. Kieffer, 162 Minn. 440, 203 N. W. 415. The record reveals that counsel on both sides and the trial judge fully understood the purpose of the excluded testimony, and a formal offer of proof was not necessary under the circumstances.

Plaintiffs further contend that the interpretation given § 2720-104 by the trial judge was correct. As already indicated, we do not agree. This statute reads as follows:

"Whenever any motor vehicle, after this Act becomes effective, shall be operated upon any public street or highway of this State, by any person other than the owner, with the consent of the owner express or implied, the operator thereof shall in case of accident, be deemed the agent of the owner of such motor vehicle in the operation thereof."

We held in Abbey v. Northern States Power Co. 199 Minn. 41, 271 N. W. 122, that the consent required to impose responsibility under § 2720-104 may be of a limited and restricted nature and that no liability exists if the vehicle is used outside the limits imposed by the consent given. As stated by the judge on the trial below, under the interpretation he placed on this statute and now contended for by the plaintiffs, when a person negligently caused an accident while driving another's car, it would be practically necessary to prove that the car was stolen in the first instance to avoid liability. It seems clear that the statute was not intended to go that far. The statute bases responsibility for the conduct of the operator, by means of agency, on the fact that at the *time and place the accident occurred* the vehicle was being used with the consent, express or implied, of the owner. Such responsibility cannot be imposed when the accident occurs at a time or place beyond the extent to which the consent to the use of the car was given. And that consent may be qualified, expressly or impliedly. Thus, to impose liability on the owner of a motor vehicle under § 2720-104, for damages caused by the negligence of the person driving the vehicle, it must appear not only that the operator had the owner's consent to use the vehicle at the time he took it, but also that such consent existed at the time and place the accident occurred. Clearly, this is what was contemplated by the statute. As presently worded, it cannot be construed as going as far as plaintiffs contend it does. Defendant company was therefore entitled to show that Larson was using the car beyond the scope of his employment at the time and place the accident occurred.

The remaining assignments of error do not require detailed discussion. They are entirely without merit.

Affirmed.