## STATE v. ROY X. GORMAN, WHOSE TRUE NAME IS ROY SOWARD.[1]

December 16, 1949.

No. 35,001.

[1]Reported in 40 N. W. (2d) 347.

*Stetson & Jacobson,* for appellant.

*J. A. A. Burnquist,* Attorney General, *Ralph A. Stone,* Assistant Attorney General, *Michael J. Dillon,* County Attorney, and *Howard T. Van Lear,* Assistant County Attorney, for the State.

MAGNEY, JUSTICE.

Defendant was found guilty of the crime of indecent assault. He had been tried before the court without a jury. The appeal is from an order denying his motion for a new trial.

It is the claim of the prosecution that defendant picked up a boy not quite four years old, gave him a ride in his car, and during the ride took indecent liberties with the boy. Defendant admits that he gave the boy a ride. He denies taking indecent liberties with him.

After the ride, the car stopped on a corner half a block from the boy's home. His mother was standing in front of their home. When the door of the car opened the boy ran directly to his mother. She testified:

"Well, I seen him running from the car and I noticed he was quite flushed when he came to me, so I took him in the house because there were quite a few people around the house. I set him on a table and asked him where he had been, and I said to him, 'did the man tell you not to tell me?' I said to him, 'don't be scared, tell Mama,' and I said 'did the man play with your wisser,' and I said, 'what did he do,' and he said, 'well, he put it in his mouth and he bit it, and it hurt.'"

Objection was made to this testimony. Defendant claims error in the court's ruling admitting it. It is the state's position that the testimony was competent and admissible under and within the rules of *res gestae.*

■ The court did not permit the boy to testify, holding that he was incompetent. However, the fact that a child may be incompetent to testify as a witness does not make a *res gestae* utterance or statement by him inadmissible if it otherwise qualifies under the *res gestae* rule. Ball v. Gessner, 185 Minn. 105, 240 N. W. 100. In the late case of Ammundson v. Falk, 228 Minn. 115, 36 N. W. (2d) 521, we stated that it is not necessary that the declarant be competent as a witness in order to make a *res gestae* utterance by such person admissible. It is not an open question in this state. See, also, 6 Wigmore, Evidence (3 ed.) § 1751; State v. Findling, 123 Minn. 413, 144 N. W. 142, 49 L.R.A.(N.S.) 449.

■ The question then arises whether the statement made by the boy to his mother can qualify as a *res gestae* statement. Admissibility of such utterances or statements depends upon the circumstances under which they were made; therefore, the facts in each particular case must be considered. An important fact to be considered is the time when such statement was made. The general rule is that the statement must be contemporaneous with the act or transaction of which it is a part. It is sufficient if it is substantially contemporaneous—if it was made so soon after the act or transaction that it may fairly be regarded as a part or incident thereof. 2 Dunnell, Dig. & Supp. § 3301. In this case the boy ran directly from the car to his mother. She was the person to whom it would be natural for him to run. She immediately took him into the house and placed him on a table. The statement was made immediately thereafter. It is fair to assume, judging by the length of time it would ordinarily take to do the things that were done here, that the time which elapsed from the moment he ran from the car to the time the statement was made was not more than two or three minutes. Obviously, it was made so soon after the incident that it must be considered substantially contemporaneous with it and made so soon after the incident that it may fairly be regarded as a part of the incident. The circumstances here satisfy the time element.

The mother was the first person the boy spoke to after the commission of the alleged offense. It was natural that she would be the

one to whom he would make a statement relative to the offense. When he came to his mother he was flushed, and, inferentially from the mother's testimony, he was frightened. The evidence does not indicate any opportunity or likelihood of fabrication. Neither is there anything in the evidence to indicate that he lacked the capacity of recollecting and narrating the facts to which his statement related. He was the victim of the claimed incident which had taken place. It is claimed that the statement was elicited by the mother's suggestive and leading questions. An analysis of the mother's testimony, heretofore quoted, clearly indicates that the boy's statement was not the result of suggestion or prompting by a leading question, as no part of this statement contained facts included in the question.

■ The fact that the utterance or statement was made in response to a question does not affect its admissibility, but as was said in Meyer v. Travelers Ins. Co. 130 Minn. 242, 244, 153 N. W. 523, 524: "An utterance made in response to a question may be less indicative of spontaneity than an uninvited one." State v. Sucik, 217 Minn. 556, 14 N. W. (2d) 857. In our opinion, the boy's statement qualifies under the rules of *res gestae.* It meets the tests of admissibility. Since it is admissible, this evidence, together with the other evidence in the case, is sufficient to prove the corpus delicti to the required degree.

■ Furthermore, in determining whether an utterance or statement made is a part of the *res gestae,* the trial court has a wide range of discretion, but, of course, it is not absolute. Lambrecht v. Schreyer, 129 Minn. 271, 152 N. W. 645; Roach v. G. N. Ry. Co. 133 Minn. 257, 158 N. W. 232; Linderoth v. Kieffer, 162 Minn. 440, 203 N. W. 415; State v. Sucik, 217 Minn. 556, 14 N. W. (2d) 857. There was no abuse of discretion in the instant case.

■ Defendant charges that the court erred in permitting a child of the age of five years to testify. The trial court questioned the girl before she was permitted to testify and satisfied himself that she was competent as a witness. An examination of the testimony which she gave satisfies us that she was fully competent. Furthermore, her testimony went only to the fact that the boy had been

picked up by defendant in his car and later returned. As defendant admits these facts, there is no possibility of any prejudice resulting.

■ Defendant urges error in the admission in evidence of a confession, on the ground that it was produced by threats and beatings. It is true that defendant testified he was subjected to threats and beatings. There was also an abundance of testimony to the effect that defendant's charges were not true. As defendant had waived a jury trial, this case was tried before the court without a jury. The court by its ruling found that defendant had not been subjected to threats and beatings to induce a confession, and its finding is fully supported. The credibility of this defendant was, of course, for the court. Affecting his credibility were two prior convictions. In 1921, he was convicted in Becker county of the crime of grand larceny in the second degree. He was sentenced to St. Cloud and served time. In May 1933, in Fargo, North Dakota, he was convicted of the crime of taking indecent liberties with a child, the same kind of a crime as that involved here, and sentenced to the state penitentiary of North Dakota, where he was imprisoned.

We find no error.

Order affirmed.