(No. 35678.—

The People of the State of Illinois, Defendant in Error, *vs.* Andy Kostos, Plaintiff in Error.

*Opinion filed March 29, 1961.*

Julius Lucius Echeles, of Chicago, for plaintiff in error.

WILLIAM L. GUILD, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and FRANCIS X. RILEY and JAMES J. GLASSER, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

The defendant, Andy Kostos, was tried by jury in the criminal court of Cook County and convicted of the crime of burglary. He has brought the record here for review on a writ of error.

Defendant does not contend that the evidence was insufficient to establish his guilt and it is, therefore, unnecessary to set forth the evidence in this opinion. His first contention is that the prosecuting attorney in his final argument improperly alluded to the fact that defendant did not testify. It is provided by statute that the neglect of a defendant to testify shall create no presumption against him and it is further provided that no reference or comment shall be made upon the defendant's neglect to testify. (Ill. Rev. Stat. 1957, chap. 38, par. 734). In a number of cases we have reversed judgments of conviction where the prosecutor has directly or indirectly referred to the defendant's failure to testify. (*People* v. *Cheney,* 405 Ill. 258; *People* v. *Annis,* 261 Ill. 157; *Quinn* v. *People,* 123 Ill. 333). We must therefore examine the record in the present case to determine whether such an improper reference was made by the prosecutor. The statement complained of occurred during the prosecutor's final argument in which the prosecutor stated: "I don't know what the defense was in the case and I will never know." Defendant's counsel immediately moved for a mistrial, but the trial court denied the motion with the following remarks: "The court feels that the jury have previously been told that the defendants are not required to take the stand and their failure to do

so should not be held against them, and having so instructed the jury to disregard the statements, inasmuch as the judge, the court will again cover this in written instructions at the conclusion of the case, the court will deny the motion." In *People* v. *Keagle,* 7 Ill.2d 408, it was contended that the prosecutor indirectly referred to the defendant's failure to testify, when he emphasized that the prosecution's case had been uncontradicted. We held that the prosecutor had a right to emphasize that the People's case was uncontradicted and held that this was not a reference to the failure of the defendant to testify. In *People* v. *Novak,* 370 Ill. 220, and *People* v. *Birger,* 329 Ill. 352, we held that the prosecutor could properly call the attention of the jury to the fact that the State's evidence was uncontradicted, even though the circumstances were such that the defendant was the only person who could have denied the People's evidence. We are of the opinion that the remark of the prosecutor in the present case was proper and did not constitute a forbidden reference to the defendant's failure to testify. It is true that in the present case the trial judge, in the remarks which he made in ruling upon the defendant's motion, referred to the defendant's failure to testify. However, he emphasized that the jury was instructed and would thereafter be instructed that this failure should not be held against the defendant. We are of the opinion that the remarks of the trial judge, made in response to defendant's motion, were not prejudicial to the defendant.

Defendant's next contention is that the prosecutor unfairly criticized the defendant's counsel in his final argument. The statement which is complained of is as follows: "I think if I were a defense counsel in a case of this nature, where he represented two men who had been seen running from a place which had just been burglarized, I would be at a loss at that time to figure out what the defense would be." Our examination of the evidence satisfies us that this statement was based upon the evidence in the record and

we are of the opinion that the statement was a fair comment upon the evidence and did not exceed the bounds of proper argument.

Defendant also contends that the court erred in failing to rule on defendant's motion to suppress certain evidence. The record shows that when the defendant was arrested the police officer searched him and found an automobile registration card. Defendant contended that the arrest was illegal and that therefore, the search was improper. The court stated that he would not rule on the defendant's motion to suppress, which was made during the course of the trial, until all of the witnesses had testified. The record shows that the court never did rule on the motion and further shows that defendant's counsel did not request a ruling on the motion after all of the evidence had been submitted. Under these circumstances, defendant is in no position to assign error on the failure of the court to rule on the motion. (*People* v. *Hornaday,* 400 Ill. 361.) Furthermore, the only significance of the automobile registration card was to establish that the defendant owned an automobile which was parked a short distance from the scene of the crime. Defendant's ownership of the automobile was stipulated at the trial by defendant's counsel and, therefore, the automobile registration card was not needed to establish his ownership.

A further contention advanced by the defendant is that the trial judge improperly permitted the prosecutor to impeach his own witness. The circumstances giving rise to this contention are as follows: A police officer, Patrick Keane, testified on direct examination that he had arrested the defendant and had placed him in a squad car with defendant's codefendant and another police officer, Allen Jacobson. On cross-examination Keane testified that he heard Jacobson tell defendant that he would send defendant to the penitentiary. On redirect examination the prosecutor asked Keane to relate the entire conversation and Keane

testified that he could not remember the conversation exactly but that he remembered Jacobson saying to the defendant that he knew that defendant was at the scene of the crime. On further recross-examination, defense counsel attempted to elicit further details of the conversation and on further redirect examination the prosecutor questioned officer Keane at considerable length, attempting to secure from him the exact conversation which had taken place. We find from a review of the evidence that the prosecutor did not at any time attempt to impeach officer Keane but only attempted to obtain from him the exact details of the conversation which had been brought out on cross-examination. Where a conversation is brought out on cross-examination, the prosecutor has a right on redirect examination to question the witness as to such conversation and a defendant can not complain that on redirect examination the entire conversation was brought out. *People* v. *Munday,* 280 Ill. 32, 59.

Defendant's final contention is that the trial court erred in refusing defense counsel permission to examine a police investigation report. In *People* v. *Wolff,* 19 Ill.2d 318, we held that where no privilege exists and where the relevancy and competency of a statement or report has been established, the trial judge should order the document delivered to the accused for an inspection and use for impeachment purposes. In the present case defense counsel asked that the court order the State to deliver a copy of a certain police report, stating that he intended to use the same for impeachment purposes. Defense counsel contended that in this report the police officer stated that he could not identify the men whom he saw running from the building which had been burglarized. The trial judge remarked that the fact that the officer did not, in his report, identify the burglars, was insufficient to impeach him. The judge pointed out that in order to impeach a witness, there must be proof of prior inconsistent statements and proof that the officer,

on a former occasion, had said nothing as to identification was not inconsistent with his later identification testimony. Counsel then replied that the officer had testified at the preliminary hearing that he could not identify the defendant. The judge then asked counsel: "Why do you need the Captain's report? Haven't you got the transcript?" Counsel replied: "I am—What is the secret about the Captain's report I can't see it." We note that counsel evaded the court's inquiry and did not deny that he had the transcript. We are of the opinion that under these circumstances the court's refusal to compel the State to furnish the report was not prejudicial error. Cf. *People* v. *Wolff*, 19 Ill.2d 318, 329.

We find no reversible error and the judgment of conviction is affirmed.

*Judgment affirmed.*