THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM NALLY *et al.*, Defendants-Appellants.

Second District   Nos. 78-358, 78-359 cons.

Opinion filed August 30, 1979.

Mary Robinson and John Lanahan, both of State Appellate Defender's Office, of Elgin, for appellants.

Gene Armentrout, State's Attorney, of Geneva (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

This is a consolidated appeal from the prosecution of two brothers, William and Kenneth Nally, for the offense of aggravated battery (Ill. Rev, Stat. 1977, ch. 38, par. 12—4(a)). The offense was committed on September 17, 1977, upon one Gene Ventucci, who was struck with an iron pipe about the face, head and body while on his own front porch. Ventucci was seriously injured and hospitalized. After an extensive jury trial involving numerous witnesses, the two defendants were found guilty and William Nally was sentenced to 3½-10 years in the penitentiary and Kenneth Nally was sentenced to 18-54 months in the penitentiary. They appeal.

The defendants have alleged two potential errors in the proceeding below. First, they contend that prejudicial error occurred when the prosecuting attorney elicited, in his redirect examination of Michael Ventucci, the principal prosecution witness, the fact that the defendant

William Nally had accused Ventucci of stealing cocaine from William Nally's van. This testimony, they contend, was unduly prejudicial and inflammatory and denied them of a fair trial. The defendant William Nally also contends, in an issue relating only to him, that the trial court erred in finding that he knowingly and intelligently elected between the sentencing provisions of the 1973 Unified Code of Corrections (Ill. Rev. Stat. 1977, ch. 38, par. 1005—8—1(b)(4)), and the 1977 amendatory act (Ill. Rev. Stat. 1977 Supp., ch. 38, par. 1005—8—1(a)(6)), without first informing him of the specific sentences which would be imposed pursuant to the provisions of each act.

After a careful review of the record herein we conclude, given the limited nature of the defendants' contentions, that a detailed resume of the events of September 17, 1977, would serve no real purpose here. As a consequence we will only concern ourselves with such facts as are necessary to decide the issues before us.

We now turn to the issue presented by both defendants regarding the admission of allegedly prejudicial testimony and the denial of their joint motion for a mistrial based upon this admission. The specific colloquy raised by the defendants as the source of error here was between the State's Attorney and Michael Ventucci on redirect examination.

"Q. All right. You said also that Bill Nally accused you of stealing something in his van?
A. Yes.
Q. Did he make reference to anything specifically that he accused you of stealing?
A. Yes, he did.
Q. What was that?
A. Cocaine.
MR. RICHARDS: Objection, Your Honor.
THE COURT: Overruled."

Shortly thereafter the defendants jointly moved for a mistrial, contending prejudicial error was committed by the admission of this statement. In denying that motion, the trial court said:

"First of all, I feel Defense Attorney did open the door. He tried to put Mr. Ventucci in a bad light as a witness, showing him as a burglar. Mr. Ventucci came back, stated his reason for going in the van as far as recovering the tapes. He said he was there only in the front and only for a couple of seconds.

So, really, whether the tapes were there or not wouldn't make the matter any better. He did in fact, according to Mr. Ventucci, then accused him of ripping off his cocaine, which is a logical extension of this whole thing. And the door was opened by the Defendant. So, I'll deny the motion."

The defendants base their contention or error upon the cases of *People v. Smith* (1967), 38 Ill. 2d 237, 231 N.E.2d 185; *People v. Olivas* (1976), 41 Ill. App. 3d 146, 354 N.E.2d 424; *People v. Lewis* (1972), 6 Ill. App. 3d 101, 285 N.E.2d 168; and *People v. Novak* (1965), 63 Ill. App. 2d 433, 211 N.E.2d 554. We have examined those cases as they pertain to this issue. Our review reveals that in *Smith* our supreme court held that a defendant may not be impeached by evidence of the possession or use of narcotics where such possession or use is unrelated to the offense for which the defendant is being prosecuted. In *Olivas*, the appellate court held that:

"[T]he onus is on the trial court to exercise sound discretion and balance the probative value of such evidence [of other offenses] in light of the issues and other evidence available to the prosecution against the prejudicial effect of its admission upon the jury." (41 Ill. App. 3d 146, 151, 354 N.E.2d 424, 429.)

In *Lewis*, the appellate court strictly followed *Smith* and reversed a conviction for armed robbery because of the repeated emphasis by the prosecution of the fact that the defendants possessed narcotics paraphernalia where that fact was not probative or relevant to the issue before the jury. In *Novak* this court reversed a conviction for burglary when evidence of the defendant's use and/or possession of narcotics was introduced. In our opinion we said:

"* * * the impropriety of the evidence does not lie primarily in the fact that it suggests another crime—it lies, rather, in the fact that it injects immaterial and inflammatory matter into the trial, whether or not that matter amounts to evidence of the commission of another crime." 63 Ill. App. 2d 433, 443, 211 N.E.2d 554, 559.

■■ We find that the principles of law enunciated above have no application to the case before us and that the defendants William and Kenneth Nally were not prejudiced by the witness' statement in any way. We make this finding for two reasons. First, as the trial court observed, the particular area of questioning intimately related to the allegedly prejudicial comments was first entered into by defense counsel and the State clearly has the right to question a witness on redirect about matters brought out for the first time during cross-examination. (*People v. Miller* (1978), 58 Ill. App. 3d 156, 373 N.E.2d 1077.) It is also well established that the scope of such redirect examination is within the province of the discretion of the trial court. (*People v. Howell* (1977), 53 Ill. App. 3d 465, 368 N.E.2d 689.) In the instant case the trial court indicated that in its opinion the statement at issue was a logical extension of the cross-examination. We concur, and find that the trial court did not abuse its discretion in either admitting this testimony nor in denying the defendants' motions for a mistrial based thereon. Our second reason for

rejecting the defendants' initial contention is because, in our opinion, the witness' statement was clearly related to the potential motive of the defendant, William Nally, and his companions for committing the act for which they were charged and not merely for collateral reasons. That William Nally may have considered himself the victim of a theft by Michael Ventucci of a contraband, but nonetheless valuable substance, would, in our opinion, have great probative value as to motive in this case and the law is clear that such evidence is admissible. See *People v. Manzella* (1973), 56 Ill. 2d 187, 306 N.E.2d 16, *cert. denied* (1974), 417 U.S. 933, 41 L. Ed. 2d 236, 94 S. Ct. 2644, and *People v. Olivas*.

■■ We now turn to the contention of defendant William Nally that the trial court committed error by not specifically admonishing him of the sentences which the trial court would impose on him under either the 1973 Unified Code of Corrections or the 1977 amendatory act. We find that the case of *People v. Dozier* (1979), 67 Ill. App. 3d 611, 385 N.E.2d 155, is absolutely dispositive of this issue. In *Dozier* the court stated that:

> "Although section 8—2—4(b) (Ill. Rev. Stat. 1977 Supp., ch. 38, par. 1008—2—4(b)) gives the defendant the right to elect to be sentenced under either the law as it existed at the time of his offense or the law in effect at the time of sentencing, there is no requirement—statutory, decisional, or by rule—that the election be knowing and intelligent, nor that such election constitutes a waiver of a constitutional right, nor that the sentencing judge must explain the variances between the alternative acts, nor that the trial court admonish him as to what will or might be his best or most advantageous choice, nor that the trial judge must tell him in advance of election what the sentence *will* be under each act. Thus, it is totally unlike the situation present under Supreme Court Rules 401 and 402. Ill. Rev. Stat. 1977, ch. 110A, pars. 401, 402." (67 Ill. App. 3d 611, 615, 385 N.E.2d 155, 158.)

We concur with the court's reasoning in *Dozier*, and we apply it herein.

For the reasons stated above the convictions of the defendants William and Kenneth Nally are hereby affirmed.

Affirmed.

RECHENMACHER and NASH, JJ., concur.