THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JUAN ANDINO *et al.*, Defendants-Appellants.

Second District    Nos. 80-177, 80-178 cons.

Opinion filed September 2, 1981.

Mary Robinson and Donna R. Palm, both of State Appellate Defender's Office, of Elgin, for appellants.

Dennis P. Ryan, State's Attorney, of Waukegan, for the People.

Mr. JUSTICE LINDBERG delivered the opinion of the court:

The defendants, Juan Andino and Ralph Downey, were charged by complaint with deviate sexual assault in violation of section 11—3 of the Criminal Code. (Ill. Rev. Stat. 1979, ch. 38, par. 11—3.) After a jury trial in the Circuit Court of Lake County, both defendants were found guilty and sentenced to 15 years in the penitentiary. They appeal.

At the trial of the cause, the victim, 17-year-old S.R., testified that he was in the Lake County jail on a burglary charge on October 13, 1979 when he was approached after dinner by Melvin DeVost. DeVost offered the witness two packs of cigarettes in exchange for the next day's lunch. S.R. agreed and DeVost left. According to the victim, DeVost and defendant, Juan Andino, approached him again later that night at his bunk. The victim testified that Andino stroked his hair and said he was

"pretty"; the two men then demanded sexual favors from the victim on pain of physical abuse. The two then left the victim.

S.R. testified that he woke up after the cell lights were turned off to confront Juan Andino who had his pants pulled down and his penis in the face of the victim. The cell area was quiet. The victim maintained that he told Andino he did not want to go through with it, but because Andino grabbed his hair and repeated the earlier threat, S.R. cooperated in 5 minutes of oral-genital contact. He maintained that he was also forced to leave his bunk and go to the shower area, where he obliged in the same manner Melvin DeVost under threat of force. DeVost told the victim he was doing 90 years and if he beat the victim up, the fact of that beating would make no difference to DeVost. DeVost wore a pair of red jockey shorts that night. After DeVost was through, he called out to Ralph Downey who was sleeping in the bunk above DeVost's. According to S.R., Downey came down from his bunk and went into the shower area where the victim was pushed to his knees and forced to perform oral-genital contact with Downey.

Over hearsay objection, S.R. testified that he made a complaint to prison authorities about 14 hours later at 4:30 p.m. on October 14. The witness denied that Lake County authorities had made him any promises in return for his testimony. He admitted that as a participant in the deferred prosecution program, the burglary charge against him would be dropped upon successful completion of that program. ·

The State's next witness was called to confirm that S.R. made a complaint. Lake County police officer Myron Aslett testified that S.R. made a statement to Aslett at 4:30 p.m. on October 14. Over defense counsel's hearsay objection, Aslett related the substance of his conversation with the victim. His testimony to that interview corroborated the victim's account of the incident. Defendants' objection to the admission of this evidence was not included in the post-trial motion.

The defendants introduced evidence that the intercom system would have transmitted a cry for help. The three accused, the defendants and Melvin DeVost, against whom this charge was dropped, also denied that any sexual contact whatever occurred between them and the victim. Yet the jury found both defendants guilty. The defendants' post-trial motion was denied, and because of the "heinous" nature of the offense and the substantial prior records of the defendants, each was given a 15-year sentence.

■■ At the outset, we note that defendants' objection to the testimony of Myron Aslett has not been included in their post-trial motion. It is not sufficient that a party object to an error during the trial to preserve it for review. (*Wilson v. Clark* (1981), 84 Ill. 2d 186, 417 N.E.2d 1322.) Rather, he must specifically raise the issue in his post-trial motion, or it will be

deemed waived. (*Wilson v. Clark; People v. Tannenbaum* (1980), 82 Ill. 2d 177, 415 N.E.2d 1027; *People v. Pallardy* (1981), 93 Ill. App. 3d 725, 417 N.E.2d 851.) Therefore, any error was waived unless the evidence was so highly prejudicial as to constitute plain error. *Pallardy.*

■■ The doctrine of plain error (Ill. Rev. Stat. 1979, ch. 110A, par. 615(a)) is a limited exception to the waiver rule applied to correct grave errors (*Tannenbaum*), or where the evidence is closely balanced and the trial error is so prejudicial that the accused has been denied a fair and impartial trial (*People v. Carlson* (1980), 79 Ill. 2d 564, 404 N.E.2d 233; *People v. Humphrey* (1980), 89 Ill. App. 3d 673, 411 N.E.2d 1228).

Because there was no physical evidence of the occurrence of a sex act and no eyewitness testimony to the crime, the issue at trial was the credibility of the victim's account compared to the denials of his attackers. In such a case, the alleged error in admitting the testimony of Officer Aslett could have had the effect of bolstering the victim's account. If the evidence was improperly admitted, the verdict of the jury may have been a result of such error despite defendant's failure to preserve it. *Carlson.* We will therefore consider the question raised by defendant.

■■ The defendants argue that the testimony of Myron Aslett was inadmissible under either of the two alternative exceptions to the hearsay rule. We agree that the victim's statement to Aslett was not a spontaneous utterance since it was made 14 hours after the assault. (See *People v. Robinson* (1978), 73 Ill. 2d 192, 383 N.E.2d 164; *People v. Buckley* (1976), 43 Ill. App. 3d 53, 356 N.E.2d 1113.) It is also clear that the evidence was not admissible as a prior consistent statement offered to rebut a charge of recent fabrication. Cross-examination of the complainant attempted to show that his accusations sprang from a desire to be released from incarceration. But a prior consistent statement offered to rebut a charge of recent fabrication is admissible only if the declarant told the same story before the motive came into existence or before the time of the alleged fabrication. (*People v. Clark* (1972), 52 Ill. 2d 374, 288 N.E.2d 363.) But here, as in *Clark*, the victim's motive for fabricating a false statement existed on the date of the complaint as it also existed at the time of trial. The prior consistent statement exception, therefore, does not apply. See *People v. Powell* (1973), 53 Ill. 2d 465, 292 N.E.2d 409 (testimony of witness' prior consistent statement before offer of leniency held admissible).

■■■ Furthermore, we disagree with the State's argument that the Aslett testimony was admissible to show corroborative complaint. In a prosecution for rape, it is proper for the victim to testify that a prompt complaint was made. (*People v. Buckley.*) Even if we were to hold that this exception applied to the circumstances of this case, only the fact of the complaint and not the details thereof would be admissible. *People v.*

*Leggans* (1980), 80 Ill. App. 3d 51, 399 N.E.2d 349; *People v. Jacobs* (1977), 51 Ill. App. 3d 455, 366 N.E.2d 1064.

Yet the State also directs us to our opinion in *People v. Breitweiser* (1976), 38 Ill. App. 3d 1066, 349 N.E.2d 454. In *Breitweiser*, we held that a police officer's detailed testimony to the victim's complaint of a sexual attack did not violate the hearsay rule. The court reasoned that the rule is inapplicable if the same matter as is contained in the hearsay testimony has been competently testified to by the declarant himself. In such a case the rule's purpose of exposing the source of the assertion to cross-examination is satisfied.

But, *People v. Robinson* (1978), 73 Ill. 2d 192, 383 N.E.2d 164, held that the availability of the declarant for cross-examination did not justify the admission of similar testimony; yet, coupled with substantial proof of defendant's guilt, the opportunity to cross-examine rendered the error harmless. In *Robinson*, the sister of a rape victim and the investigating officer testified to the victim's description of her assailant and the details of the complaint she made. The court held that because of the existence of substantial corroborative evidence the "hearsay", evidence, as it was termed, was merely cumulative, stating:

> "Aside from the unsworn and sometimes cumulative nature of hearsay evidence, its most objectionable feature, and the main rationale underlying its exclusion, is the opposing party's inability to test the real value of the testimony by exposing the source of the assertion to cross-examination. [Citations.] Here, defense counsel had an opportunity to and in fact did cross-examine the out-of-court declarant (complainant)." 73 Ill. 2d 192, 200, 383 N.E.2d 164, 169.

Recently, the Illinois Supreme Court sanctioned the admission of identification testimony, relying upon the availability of the declarant for cross-examination. *People v. Rogers* (1980), 81 Ill. 2d 571, 411 N.E.2d 223, held that the testimony of a third person to an out-of-court identification by another witness is admissible if the witness also testifies and is subject to cross-examination. But dictum in *Rogers* indicated that *Robinson's* holding that evidence of prior statements of a witness was inadmissible hearsay would not be re-evaluated. The *Rogers* court discussed the problem, analogous to that before this court, of the admissibility of testimony of a witness to his own prior statements:

> "In *People v. Clark* (1972), 52 Ill. 2d 374, 388-90, this court noted the general rule that although the witness may be present in court and subject to cross-examination, he may not testify as to statements he made out of court for the purpose of corroborating his testimony given at trial relative to the same subject, except to rebut

a charge or inference that the witness is motivated to testify falsely or that his testimony is of recent fabrication. This general rule does not, however, apply to statements of identification." 81 Ill. 2d 578, 411 N.E.2d 227.

Thus, we think *People v. Robinson* governs the case now before us. Like the testimony of the sister and the investigating officer in *Robinson*, the testimony of Myron Aslett was hearsay and was erroneously admitted. (See Comment, *Hearsay, Witnesses' Prior Statements, and Criminal Justice in Illinois*, 1974 U. Ill. L.F. 675.) However, unlike the earlier cases, there was no substantial corroborative evidence in the prosecution of defendants, Downey and Andino, which would serve to render the error harmless. Where there is no evidence against the defendant except that stemming from the accusation of the victim, there is a danger that the jury's verdict was the result of hearing the victim's version more than once. (*People v. Jacobs* (1977), 51 Ill. App. 3d 455, 366 N.E.2d 1064.) We therefore reverse the convictions of the defendants.

■■ Because of our reversal we need not treat defendants' second argument, *i.e.*, that they were denied their Sixth Amendment right to effective assistance of counsel. But *People v. Taylor* (1979), 76 Ill. 2d 289, 391 N.E.2d 366, requires us to pass on defendants' contention that they were not proved guilty beyond a reasonable doubt. We disagree. The clear and convincing testimony of the victim is sufficient to prove a defendant guilty of deviate sexual assault. The fact that defendants have denied the offense does not create a reasonable doubt of their guilt. (*People v. Garriott* (1974), 20 Ill. App. 3d 994, 313 N.E.2d 189.) The evidence was sufficient to avoid subjecting the defendants to double jeopardy upon retrial, but of course we do not imply a finding of defendants' guilt that would be binding on the court on remand.

Accordingly, the judgment of the Circuit Court of Lake County is reversed and the cause remanded for new trial.

Reversed and remanded.

UNVERZAGT and REINHARD, JJ., concur.